IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

PAUL R. JAMES, JR.,

        Plaintiff,

    v.

STATE OF ALASKA,

        Defendant.

Case No. 3:22-cv-00246-JMK

## SCREENING ORDER: DISMISSING CASE WITH PREJUDICE

Self-represented prisoner, Paul R. James, Jr., filed an "Affidavit for Homicide Negligence Act" against the State of Alaska, an "Affidavit Summons" and a "Motion for Discrimination Acts."[1] As an initial matter, Plaintiff's filings are deficient. In order to properly commence a civil action, a litigant must file a complaint, a civil cover sheet, and either pay the filing fee or file an application to waive prepayment of the filing fee. Ordinarily, the Court would grant Plaintiff an additional 30 days to submit the required documentation. However, Plaintiff's filings violate Rule 8 of the Federal Rules of Civil Procedure, fail to state a claim upon which relief may be granted, and name a Defendant who is immune from suit.

---

[1] Dockets 1–4.

Additionally, the Court takes judicial notice[2] of *James (Paul R.) v. Official's Bethel Jail et al,* Case No. 3:22-cv-00269-JMK. The Court screened both cases in accordance with 28 U.S.C. §§ 1915(e) and 1915A and finds the filings to be fundamentally similar. Not only do the allegations overlap, Plaintiff also includes both case numbers in later filings indicating his intent to submit duplicate filings in both cases.[3] Plaintiff's filings in both cases suffer from similar deficiencies, and Plaintiff should refer to the screening order in Case No. 3:22-cv-269-JMK for information should he wish to amend his complaint in that case. Here, however, the Court finds amendment would be futile because the State of Alaska is immune from suit.

The Eleventh Amendment to the U.S. Constitution gives states sovereign immunity, which prohibits lawsuits against a state or the "arms of the state" (the State's governmental branches, divisions, offices, and departments), unless the state or agency agrees to waive its immunity.[4] Accordingly, Plaintiff cannot proceed on his claims against the State of Alaska.

---

[2] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[3] *See, e.g.,* Case No. 3:22-cv-00269-SLG, Docket 5 at 1.

[4] *Alabama v. Pugh,* 348 U.S. 781 (1978); *In re New York*, 256 U.S. 490, 497 (1921); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED** with prejudice for naming a Defendant who is immune from suit;

2. All pending motions are **DISMISSED** as moot;

3. The Clerk of Court shall issue a final judgment.

DATED this 16th day, of May 2023 at Anchorage, Alaska.

                        */s/ Joshua M. Kindred*
                        UNITED STATES DISTRICT JUDGE